UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

STACEY RENAE HIGHTOWER, )
 )
        Plaintiff, )
 )
v. ) Case No. 19-CV-0371-CVE-JFJ
 )
TULSA COUNTY SHERIFF'S OFFICE and )
DOES 1 to 20, )
 )
        Defendants. )

**OPINION AND ORDER**

Now before the Court is plaintiff's complaint (Dkt. # 2) and plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 3). Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleading liberally. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). On July 8, 2019, plaintiff filed a pro se complaint alleging that she was wrongfully evicted by deputies of the Tulsa County Sheriff's Office after she obtained a "USBC Form 101-A" that provided a 30 day stay of any eviction proceedings against her. Dkt. # 2, at 4. The form referenced by plaintiff is a form provided by bankruptcy courts, and it permits a debtor to stay in her residence for up to 30 days in certain instances. Plaintiff claims that defendants violated her constitutional rights "through acts of negligence, malfeasance, and gross violation and illegal misrepresentation of USBC eviction law." Dkt. # 2, at 4. She alleges that the eviction took place on July 1, 2019, even though she had obtained a Form 101-A that provided a 30 day stay of her eviction. Id. Plaintiff claims that she is now homeless, and she seeks damages in excess of $200,000. Id. at 6.

Plaintiff has filed a bankruptcy case in the Northern District of Oklahoma, but the bankruptcy court has entered an order confirming that no automatic stay is in effect. In re Stacy Renae Hightower, Dkt. # 24, Case No. 19-11233-M (Bankr. N.D. Okla. June 26, 2019). In particular, the order confirms that there is no stay as to the real property from which plaintiff claims she was wrongfully evicted in her complaint in this case. Id. The bankruptcy court's order was entered before plaintiff was allegedly evicted on July 1, 2019.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiff asserts that the Court has federal question jurisdiction over this case, because she is seeking relief under 42 U.S.C. § 1983. Dkt. # 2, at 3. However, § 1983 merely provides a cause

2

of action when a plaintiff's constitutional rights have been violated, and § 1983 does not create any substantive rights. To state a claim under § 1983, a plaintiff must show that his or her constitutional rights were violated by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff argues that she was evicted in violation of an order of the bankruptcy court that permitted her to remain in her residence for up to 30 days. Plaintiff makes a general allegation that defendant's conduct violated her constitutional rights, but she has not identified any specific provision of the Constitution that is at issue in this case. Dkt. # 2, at 4-5. Eviction and foreclosure are generally matters of state law, and the Supreme Court has expressly rejected the notion that the Constitution provides any substantive landlord-tenant law. Lindsey v. Normet, 405 U.S. 56, 68 (1972). Plaintiff has not made any allegations that she has been evicted for a prohibited reason, such as racial discrimination, and the most reasonable inference from her allegations is that she has been evicted from certain property due to non-payment of rent. If plaintiff believes that she was evicted in violation of a bankruptcy court order, her remedy is to ask the bankruptcy court to enforce its own order and resolve the dispute between the parties, but the Court has found no authority suggesting the violation of a bankruptcy court order or an automatic stay would constitute a violation of the Constitution. The Court finds no basis to exercise federal question jurisdiction over this case, and plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that the complaint (Dkt. # 1) is hereby **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 3) is **moot**.

**DATED** this 10th day of July, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE